

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF MICHIGAN

ALBERT HIMMER HICKS, JR.

        Plaintiff,

                              Civil Action No. 25-10087

-vs-

                              Honorable Robert J. White

MARGARET M. VAN HOUTEN, et al

        Defendant,

_____/

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

    **NOW COMES** Defendant, BRIAN S. BROWN, moves this Court for permission to dismiss Plaintiff ALBERT HIMMER HICKS, JR. Complaint for failure to state a claim upon which relief can be granted Pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of his Motion, Defendant relies on the accompanying Brief in support.

March 31, 2025

                Respectfully submitted,

                /s/ Brian Brown
                Pro Se.
                19111 West McNichols Rd. Suite N
                Detroit MI 48219
                (313) 671-4149
                brianbrown@attorneybrianbrown.com

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF MICHIGAN

ALBERT HIMMER HICKS, JR.

       Plaintiff,

                                      Civil Action No. 2:25-cv-10087

-vs-

                                      Honorable Robert J. White

                                      Mag. Judge David R. Grand

MARGARET M. VAN HOUTEN, et al

       Defendant,

_____/

## DEFENDANT BRIAN BROWN'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS

Defendant Brown moves to dismiss this action pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim upon which relief can be granted and for his Brief In support states as follows:

i

# TABLE OF CONTENTS

**TABLE OF CONTENTS**……………………………………………..ii

**INDEX OF AUTHORITIES** …....……………………………………....iii

**STATEMENT OF ISSUES PRESENTED**…………………………………iv

Introduction…………………………………………………………..1

Standard of Review…………………………………………………..2

Law and Argument…………………………………………………...3

    I.    **Plaintiff's claims are Barred for failure to state a claim for which relief can be granted**

**CONCLUSION AND RELIEF REQUESTED**………………………......4

**CERTIFICATE OF SERVICE**……………………………………………..4

# INDEX OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S 662 (2009)……………………………………..2

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007)…………………………………………………………………….2

*Bell Atl. Corp. v. Twombly*, 550 U.S., 446 (2007)……………………….2

**RULES**

Fed. R. Civ. P. 12(b)(6)

## **STATEMENT OF ISSUES PRESENTED**

I. Because Plaintiff's complaint fails to state a claim upon which relief can be granted, should it be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)?

PLAINTIFF ANSWERS: NO

DEFENDANT ANSWERS: YES

## INTRODUCTION

On January 9, 2025, Plaintiff filed his Original Complaint which failed to state any claim as a matter of law upon which relief may be granted as to Defendant Brown. Defendant Brown was appointed to represent Mr. Hicks in a criminal proceeding before the Honorable Margaret Van Houten who is also a defendant in this complaint. Plaintiff alleges that he was arrested two times without due process and that his 4th, 5th and 14th Amendment rights were violated. Plaintiff alleges that the Honorable Margaret Van Houten violated his rights in his complaint and does not specifically state any act done by Mr. Brown which violated his rights. Plaintiff further alleges the Honorable Margaret M Van Houten was essentially prosecuting his criminal cases in Wayne County Circuit Court.

Plaintiff filed a grievance with the Michigan Attorney Grievance Commission alleging that Mr. Brown was forcing Plaintiff to be represented by Mr. Brown in his criminal matter in 3rd Circuit Court. Plaintiff is not truthful in the response that was given to him by the Attorney Grievance Commision. Never was Mr. Brown instructed to remove himself from Plaintiff's case. (Ex A)

However, after receiving notice of this grievance Mr. Brown attempted multiple times to withdraw as counsel from Plaintiff's case for multiple reasons including but not limited to conflict of interest and break-down of the attorney client relationship. However, Mr. Brown's request was rejected by the Court due to a pending

competency examination for Plaintiff. After the completion of the competency hearing on 11/8/24 Mr. Brown renewed his request to withdraw as Counsel for Plaintiff at a hearing on in front of the Honorable Kevin Cox who was substituting for the Honorable Margaret Van Houten due to medical issues. At this hearing Judge Cox asked Plaintiff if he would consent to keep Mr. Brown as stand by counsel to which Plaintiff agreed.

Plaintiff has not stated any act done by Mr. Brown by which any relief can be granted

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a Court must assess whether the plaintiff has stated a claim upon which relief may be granted.

To withstand a Rule 12(b)(6) motion under the established *Twombly* standard, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* At 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for misconduct alleged. " *Ashcroft v. Iqba,* 556 U.S 662( 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S., 446(2007)). Thus, "even though a complaint need not contain 'detailed' factual allegations, it's 'factual allegations must be enough to raise a right to relief about the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters* v. *City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007)(quoting *Twombly*, 550 U.S. at 555).

2

## **LAW AND ARGUMENT**

Plaintiff fails to state a harm that was done by Mr. Brown. Plaintiff continuously alleges that the Honorable Margaret Van Houten violated his constitutional rights. Plaintiff fails to establish any facts that support that Mr. Brown violated any of his constitutional rights but rather concludes without facts that Mr. Brown conspired with Judge Margaret Van Houten in her attempt to violate his constitutional rights.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendant respectfully asks this Court to dismiss the claims against Mr. Brown under Fed. R. Civ. P. 12(b)(6)

Dated March 31, 2025

Respectfully submitted,

/s/ Brian Brown
Pro Se.
19111 West McNichols Rd. Suite N
Detroit MI 48219
(313) 671-4149
brianbrown@attorneybrianbrown.com

## CERTIFICATE OF SERVICE

I certify that on April 4, 2025 I filed copy of the following with Clerk of the Court and I served a copy via certified mail of the foregoing document to the following

Albert Himmer Hicks, JR
In Pro Per
16212 Strathmoor
Detroit, MI 48235
onlystarintown@gmail.com

/s/ Brian Brown

4

MICHAEL V. GOETZ
*GRIEVANCE ADMINISTRATOR*

KIMBERLY L. UHURU
*DEPUTY ADMINISTRATOR*

CYNTHIA C. BULLINGTON
*ASSISTANT DEPUTY ADMINISTRATOR*

SARAH C. LINDSEY
*GENERAL COUNSEL*

STATE OF MICHIGAN
ATTORNEY GRIEVANCE COMMISSION

*ASSOCIATE COUNSEL*

EMILY A. DOWNEY
MICHAEL K. MAZUR
KENNETH E. FRAZEE
PAMELA I. LINVILLE
CORA L. MORGAN
GRAHAM G. LEACH
MARY A. BOWEN
AUSTIN D. BLESSING-NELSON
CAITLIN O. FLEMING
KRISTIN E. FERNANDEZ

PNC CENTER
755 W. BIG BEAVER RD., SUITE 2100
TROY, MICHIGAN 48084
TELEPHONE (313) 961-6585
WWW.AGCMI.ORG

August 13, 2024

**PERSONAL AND CONFIDENTIAL**

Albert H. Hicks
16212 Strathmoor
Detroit, MI 48235

RE: **Albert H. Hicks Jr. as to Brian S. Brown**
**AGC File No. 24-1712**

Dear Albert H. Hicks:

This office received your Request for Investigation, however, the allegations in your complaint are insufficient to warrant review by the Commission. Accordingly, after careful review by the staff, this matter is being closed under the authority of the Grievance Administrator pursuant to Michigan Court Rule 9.112 (C)(1) (a).

The Attorney Grievance Commission has no authority to function as an appellate court. The appellate system is designed to address your concerns regarding what you perceive as your trial attorney's ineffective representation. We recommend that you speak with a qualified attorney who can advise you of your rights.

Brian S. Brown has been provided with a copy of your Request for Investigation. If my staff or I can be of service to you in the future, please do not hesitate to contact us again.

Very truly yours,

*Cynthia C. Bullington/meg*
Cynthia C. Bullington
Assistant Deputy Administrator

CCB/meg
cc: Brian S. Brown (w/enclosure)