UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT HIMER HICKS, JR.,

     Plaintiff,

v.

MARGARET M. VAN
HOUTEN, et al.,

     Defendants.

Case No. 25-cv-10087

Honorable Robert J. White

---

**ORDER (1) GRANTING DEFENDANT CONSTAND'S
MOTION TO DISMISS, (2) GRANTING DEFENDANT VAN
HOUTEN'S MOTION TO DISMISS, AND (3) GRANTING
DEFENDANT BROWN'S MOTION TO DISMISS**

---

This case arises from criminal cases in Michigan state court and involves *Pro Se* Plaintiff Albert Himer Hicks, Jr.'s claims against Defendants Margaret M. Van Houten, the Michigan judge presiding over Plaintiff's state cases; Scarlett Constand, Van Houten's clerk; and Brian Brown, an attorney appointed to represent Plaintiff in state court. (ECF No. 1). Before the Court is each defendant's separate motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 4, 6, 12). The Parties fully

briefed the motions,[1] and the Court will decide the matter without oral argument pursuant to Local Rule 7.1(f)(2).  For the following reasons, the Court grants the motions.

## I.    Background

Plaintiff's complaint alleges that he "was arrested [two] times" in violation of his due process and equal protection rights, and "deprived of . . . life, liberty, and property 57 day and 35 day [sic] . . . ." (ECF No. 1, PageID.4; *see also* ECF No. 1, PageID.7).  Plaintiff states that "Van Houten petitioned an order for an bench warrant without probable cause supported by Oath or affirmation of the concent for any search or seizure of my person or property without due process of law [and] without an presentment or indictment by a grand jury [sic]." (ECF No. 1, PageID.5; *see also* ECF No. 1, PageID.7).  Plaintiff alleges further that Van Houten violated the Eighth Amendment by "holding me with an excessive Bond, and cruel and unusual punishment inflicted upon me by having me arrested and tethered without due process of law or being duly convicted of a crime [sic]." (ECF No. 1, PageID.5).  According to Plaintiff, he was arrested and jailed from August until October 2024 and could not return home "because [Van Houten] put [him] in double jeopardy for the same offense." (ECF No. 1, PageID.5; *see also* ECF No. 1, PageID.7-9).

---

[1] Plaintiff has not filed any formal response to any of the Defendants' motions, but he submits numerous letters (ECF Nos. 8, 11-13, 15) that the Court will construe as his counterarguments to dismissal.

Plaintiff also alleges that Van Houten violated his rights to defend himself, to a speedy trial, and for "protection against [being rendered incompetent]":

> on November 8th 2024[, Van Houten] had me arrested in court of law to violate your right . . . to have me evaluated for incompetence and keep my in prison until December 13th 2024, and the State of Michigan has infringed upon my rights to a speedy trial and public trial since November 22nd 2024, and had me tethered for over a year now [sic].

(ECF No. 1, PageID.5; *see also* ECF No. 1, PageID.7, 11).

Next, Plaintiff alleges that Van Houten refused to allow him to represent himself and "forced" Defendant Brown on him "even after [he] had The Attorney Grievance Commission . . . tell [Brown] to leave [him] alone and allow [him] to represent [him]self." (ECF No. 1, PageID.5; *see also* ECF No. 1, PageID.10). Plaintiff essentially accuses Van Houten of "us[ing] intimidation tactics," "ignor[ing] his] constitutional rights," "practicing law from the bench," and "assisting the prosecution" against him. (ECF No. 1, PageID.10-11).

Plaintiff also states, "I don't think [a November 8, 2024 court proceeding] was recorded by the clerk in the courtroom that morning." (ECF No. 1, PageID.5; *see also* ECF No. 1, PageID.7). This is the complaint's sole reference to any allegedly inappropriate conduct by the clerk, Defendant Constant, in this case.

Relatedly, specific to Defendant Brown, Plaintiff alleges that the Attorney Grievance Commission told Brown to remove himself from Plaintiff's case, but Brown "decided to continue to a conspiracy with [Van Houten] violating [Plaintiff's]

constitutional rights and freedoms and trying to intimidate [Plaintiff] along with [Van Houten]." (ECF No. 1, PageID.12).  To show that Brown was inappropriately "trying to assist the judge," the Complaint transcribes the following purported phone message Brown left for Plaintiff:

> Please call me ASAP.
>
> You have an appointment scheduled for Tuesday with the forensic examiner.
>
> The judge is going to lock you up if you don't go to the evaluation[.]

(ECF No. 1, PageID.12).

Plaintiff invokes 28 U.S.C. § 1983 and asserts claims under the Fourth, Fifth, and Fourteenth Amendments; Article I, Sections 13 (rights to attorney and self-representation) and 18 (prohibition on witness's incompetence based on religious beliefs) of the Michigan Constitution[2]; 18 U.S.C. §§ 241-42 (conspiracy against rights; deprivation of rights); and 5 U.S.C. §§ 556(D), 557(D), and 706 (related to agency decisions and judicial review thereof).[3] (ECF No. 1, PageID.3, 6, 10, 12-17).  Although Plaintiff's stated legal claims largely relate to Van Houten's allegedly

---

[2] Plaintiff identifies these provisions as codified in the United States Constitution, but they are from Michigan's Constitution.

[3] Although not clearly set out in Plaintiff's complaint, his factual allegations also seemingly raise claims under the First, Second, Sixth, Eighth, Ninth, Tenth, and Thirteenth Amendments; 42 U.S.C. §§ 1985-86 (conspiracy to interfere with rights; neglect to prevent interference with rights); 18 U.S.C. § 2381 (treason); and 28 U.S.C. § 454 (practice of law by judge). (ECF No. 1, PageID.6-8, 10).

improper conduct, Plaintiff alleges that Defendant Brown participated in a conspiracy with Van Houten to violate Plaintiff's rights. (ECF No. 1, PageID.6, 12). Plaintiff specifically claims that Brown violated 18 U.S.C. §§ 241-42 and Article I, Section 18 of the Michigan Constitution. (ECF No. 1, PageID.12). The complaint, however, includes no specific legal claims against Defendant Constand.

All three Defendants now separately move to dismiss Plaintiff's claims. (ECF Nos. 4, 6, 12).

## II.   Legal Standards

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to

relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). And courts are not required to accept as true factual allegations "that are contradicted by [public] records." *Clark v. Stone*, 998 F.3d 287, 298 (6th Cir. 2021).

Further, the Court need not defer to the truth of allegations that are "utterly contradicted" by a contrary exhibit or exhibits. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017) (if the "pleadings internally contradict verifiable facts central to [a plaintiff's] claims, that makes [the plaintiff's] allegations implausible"); *Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 755 (6th Cir. 2020) ("For the exhibits to contradict the pleadings, the exhibits must 'utterly discredit' the allegations central" to a plaintiff's claims.) (quoting *Bailey*, 860 F.3d at 386-87).

## III. Analysis

Defendant Constand argues that she is entitled to quasi-judicial immunity with respect to Plaintiff's claims. (ECF No. 4, PageID.34-35). Constand asserts that "[e]ven tough[] Plaintiff makes no [specific] allegations against Defendant

Constand," her only role in Plaintiff's criminal cases has been issuing court orders and processing the parties' filings—actions protected even if performed erroneously. (ECF No. 4, PageID.34-35).

Defendant Van Houten similarly argues that she is entitled to judicial immunity with respect to Plaintiff's claims. (ECF No. 6, PageID.50-52). Van Houten asserts that all Plaintiff's allegations arise from her official acts as a judge presiding over Plaintiff's criminal cases, she summarizes the facts of these proceedings, and she attaches the register of actions for each of Plaintiff's state cases. (ECF No. 6, PageID.46-52; ECF No. 6-1). She also argues that Plaintiff's claims are nevertheless too conclusory to support any claim for relief. (ECF No. 6, PageID.52-53).

Defendant Brown argues that Plaintiff's complaint fails to allege any harm, constitutional or otherwise, done by Brown. (ECF No. 12, PageID.91-93). According to Brown, Plaintiff's allegations are untruthful to the extent he states that the Attorney Grievance Commission ordered Brown to remove himself as Plaintiff's counsel, and Brown attaches to his motion a letter from the Attorney Grievance Commission to Plaintiff stating that the Commission rejected Plaintiff's request to investigate Brown because "the allegations . . . are insufficient to warrant review" and "[t]he appellate system is designed to address [Plaintiff's] concerns regarding" Brown. (ECF No. 12, PageID.91, 95).

Brown also asserts that he nevertheless attempted to withdraw as counsel numerous times, and Plaintiff later consented to Brown acting as standby counsel. (ECF No. 12, PageID.91-92).  Under these circumstances, Brown argues that the complaint fails to state any claim against him, particularly where Plaintiff "concludes without facts that Mr. Brown conspired with [Van Houten] in her attempt to violate his constitutional rights. (ECF No. 12, PageID.91-93).

Plaintiff's first letter filed on the docket (*see* footnote 1), is not even tangentially relevant to any of Defendants' motions.  In his subsequent letters, Plaintiff only raises additional complaints concerning Van Houten's more recent actions in presiding over his state cases, particularly regarding the appointment of Matthew Dupree as Plaintiff's counsel. (ECF Nos. 11, 13; *see also* ECF No.15).  To date, Plaintiff has not submitted any counterargument to any of Defendants' motions.

As an initial matter, the public records from Plaintiff's state cases clarify that Van Houten (1) initially denied Plaintiff's request to proceed *pro se* on March 1, 2024; (2) granted a previous attorney's request to withdraw as counsel on April 24, 2024; and (3) ordered Plaintiff to undergo a competency evaluation on May 3, 2024 (ECF No. 6-1, PageID.57-58, 64).  But Plaintiff failed to appear at the scheduled evaluation, so in early August 2024 (around the time of Plaintiff's first complained-of arrest and detention), Van Houten temporarily revoked Plaintiff's bond. (ECF No. 6-1, PageID.58, 64-65).  Later that August, following a hearing, Van Houten

8

reinstated Plaintiff's bond and set a new date for his competency evaluation. (ECF No. 6-1, PageID.58, 65).  Van Houten found Plaintiff competent to stand trial in December 2024, and at the same time she granted an order for Plaintiff to represent himself, with Defendant Brown serving as standby counsel. (ECF No. 6-1, PageID.59, 65).

After Plaintiff filed this action, in early March 2025, (1) Brown withdrew as standby counsel, (2) Van Houten appointed Dupree as standby counsel, and (3) Van Houten denied Plaintiff's recusal and dismissal motions. (ECF No. 6-1, PageID.60, 66).  Later that month, Van Houten ordered that (1) Plaintiff could no longer represent himself and (2) Dupree be fully appointed as Plaintiff's counsel. (ECF No. 6-1, PageID.60, 66; *see also* ECF Nos. 11, 14).  According to Van Houten's motion, she took these most recent actions because Plaintiff—at a March 21, 2025 conference "to ensure the standby counsel arrangement was going smoothly before trial"— "was unwilling to comply with normal rules of court decorum" and "repeatedly argued that [Van Houten] lacked authority to maintain the proceedings against him." (ECF No. 6, PageID.47).

Given the record here, the Court first concludes that Plaintiff has failed to state any plausible claim for relief against Defendant Brown.  In doing so, the Court considers the letter Brown provides from the Attorney Grievance Commission, which is an exhibit attached to a defendant's motion and is central to Plaintiff's

claim(s) against Brown. *See Bassett*, 528 F.3d at 430.  And to extent the claim(s) against Brown rely on him defying an order from the Attorney Grievance Commission, the complaint is implausible because this allegation is "utterly contradicted" by the letter. *See Bailey*, 860 F.3d at 387; *Cagayat*, 952 F.3d at 755.

Additionally, even if Van Houten acted improperly, Plaintiff has not presented sufficient facts to plausibly claim that Brown participated in any conspiracy. Plaintiff's only fact purportedly showing collusion between Brown and Van Houten—indeed, the only fact describing any specific conduct by Brown—is Brown's phone message reminding Plaintiff of his coming competency examination and warning that Van Houten would "lock [him] up" for a failure to appear.  But it is purely speculative to conclude that this action demonstrates any conspiracy between Brown and Van Houten to intimidate Plaintiff or violate his rights.  For these reasons, Brown's motion to dismiss is granted.

Next, the Court concludes that Plaintiff's claims against Defendant Van Houten must also be dismissed because she is entitled to judicial immunity.  "It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages," including actions under § 1983. *Hall v. Board*, No. 24-3797, 2025 U.S. App. LEXIS 9210, *5-6 (6th Cir. Apr. 17, 2025) (unpublished; quoting *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)).  Judicial immunity is only overcome for "(1) 'nonjudicial actions, i.e.,

actions not taken in the judge's judicial capacity,' and (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Id.* at *6 (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).  Because Plaintiff does not allege, nor does the record otherwise show, that Van Houten acted in a non-judicial capacity or in the complete absence of all jurisdiction, she is entitled to absolute judicial immunity. *See id.*  Van Houten's motion to dismiss, therefore, is granted.

Lastly, concerning Defendant Constand, "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Phillips v. Randall S. Miller & Assocs.*, No. 15-14082, 2016 U.S. Dist. LEXIS 120185, at *6 (E.D. Mich Jul. 26, 2016) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)).  However, regardless of whether quasi-judicial immunity applies here, Plaintiff fails to allege facts to plausibly state any claim against Constand.

First, it is unclear exactly what legal claim or claims Plaintiff seeks to assert against Constand. *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) (a complaint "violates Rule 8(a)(2)'s requirement that a plaintiff provide the defendants adequate notice of the claims against them and the grounds upon which each claim rests" when it fails "to connect specific facts or events with the various causes of action" asserted) (cleaned up).

11

More importantly, the complaint's only reference to any conduct by Constand states, "*I don't think* [a November 8, 2024 court proceeding] was recorded by the clerk in the courtroom that morning." (ECF No. 1, PageID.5 (emphasis added)). Otherwise, the complaint merely alleges that Van Houten "had [Plaintiff] arrested in a court of law without recording the proceedings." (ECF No. 1, PageID.7). Because Plaintiff's allegation against Constand is too bare and speculative to demonstrate a plausible claim for relief against her, the Court concludes that Plaintiff's claim(s) against Constant must also be dismissed.

* * *

For the reasons given, the Court ORDERS that Defendant Constand's motion to dismiss (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Defendant Van Houten's motion to dismiss (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that Defendant Brown's motion to dismiss (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

Dated: May 16, 2025                    s/Robert J. White
                                       Robert J. White
                                       United States District Judge